# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8872 | **DATE** | 1/16/2004 |
| **CASE TITLE** | Melvin Clifton vs. Director Velasco, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Clifton's Rule 59(e) motion is denied. (8-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 21 2004 date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/16/2004 date mailed notice | |
| SN | courtroom deputy's initials | 04 JAN 20 PM 2:52 | SN mailing deputy initials | |
| | | 01 05 - Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN CLIFTON,                )
                               )
            Plaintiff,         )
                               )
       v.                      )    No. 03 C 8872
                               )
DIRECTOR VELASCO, et al.,      )
                               )
            Defendants.        )

## MEMORANDUM ORDER

After dealing with the threshold issue of in forma pauperis status for pro se prisoner plaintiff Melvin Clifton ("Clifton"), this Court's December 17, 2003 memorandum order ("Order") dismissed Clinton's Complaint and this action because of his noncompliance with the precondition to suit established by 42 U.S.C. §1997e(a)("Section 1997e(a)"). Now Clifton has submitted a self-prepared handwritten document captioned "Plaintiff Motion for Relief form Judgment Accord to Rule 59 and/or 60," which this Court will address under the standard applicable to Fed. R. Civ. P. ("Rule") 59(e) motions because Clifton has come within the time frame prescribed by that Rule as expanded by Rule 6(a).

Clifton's filing quarrels with this Court's dismissal of his action--but he does so in principal part because he has failed to appreciate the thrust of this Court's analysis. It is of course true that the congressional mandate set out in Section 1997e(a) precludes any court action by a prisoner "until such administrative remedies as are available are exhausted." But

Clifton seems to believe that he can satisfy that condition, where a prison system provides administrative remedies of some type, by choosing instead to file a request that speaks solely in terms of a kind of remedy that the prison system could never provide. As the Order reflected, the only purported invocation of administrative remedies that Clifton submitted to prison authorities stated his desired relief solely in these terms:

> I ask that this matter be reviewed and I'm paid damages of $500,000 by Captain Anderson.

That kind of reading would make a mockery out of the congressional requirement. For better or worse, Congress has decreed that a prisoner must seek such remedies as *are* available within the system before the prisoner can come into court to seek relief that may go beyond what would have been available at the administrative level. By framing his request in the impermissible form that he did, Clifton has foreclosed himself from complaining about the lack of a response from the prison authorities--a complaint that prisoners are entitled to lodge with a court to which they have gone for judicial relief after they have legitimately sought to exhaust administrative remedies, but have been confronted with nonresponsiveness or stonewalling on the part of the prison officials.

This Court continues to hold that what Clifton did--or more accurately did not do--before he brought this lawsuit has failed to comport with Section 1997e(a). Accordingly his Rule 59(e)

motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 16, 2004