IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN CLIFTON #N-80624,   )
                           )
          Plaintiff,       )
                           )
     v.                    )   No.  03 C 8872
                           )
E. VELASCO,                )
                           )
          Defendant.       )

## MEMORANDUM OPINION AND ORDER

Although this December 2003 action by pro se plaintiff Melvin Clifton ("Clifton") was promptly dismissed by this Court on December 17, 2003 because of Clifton's failure to have exhausted administrative remedies (a precondition to any prisoner litigation under 42 U.S.C. §1997e(a),[1] Clifton has just filed a document that he captions "Plaintiff's Motion for Relief from Judgement [sic]"--a motion seeking to invoke Fed. R. Civ. P. ("Rule") 60(b). For the reasons stated in this memorandum opinion and order, Clifton's motion is denied.

Terminated lawsuits cannot of course be revived on an unlimited timetable. Rule 60(c) allows no more than a year post-judgment for any of the reasons set out in Rule 60(b)(1), (2) and (3), while all other Rule 60(b) motions "must be made within a reasonable time." And because this Court's December 2003 disposition was a dismissal without prejudice, that concept of "reasonable time" should be looked at in conjunction with the

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

time within which Clifton could properly have brought a new action seeking the same relief. In that latter respect it is well-established that any Illinois-based Section 1983 action is subject to a two-year statute of limitations, and Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001) teaches that limitations are tolled while an inmate exhausts his or her administrative remedies under Section 1997e.

Here Clifton offers no explanation for the more than 4-1/2 year gap between the December 2003 dismissal and the current motion except his assertions (1) that after a series of transfers during which he had received no response to his several grievance efforts, he was placed in the restrictive conditions imposed by Illinois' Tamms maximum security facility (including his being without legal assistance there)(Motion ¶¶2-14) and (2) "[t]hat I've been without legal assistance until speaking with a layman on 7-19-08, who filed this motion" (¶4 of Clifton's Declaration Under Penalty of Perjury, attached to the current Motion). Indeed, all of the grievances to which Clifton refers (and which he includes as exhibits to his motion)--including one that he transmitted while at Tamms--date back to times before he originally filed suit here in December 2003.

It seems that Clifton may be claiming that all "available" (as Section 1997e(a) puts it) administrative remedies had already been exhausted when he filed suit. If so, he could of course have appealed the dismissal order as assertedly erroneous or, if

2

the realization of such claimed prior exhaustion did not come to him soon enough for a timely appeal, he could long ago have filed a Rule 60(b) motion for relief. If on the other hand the unavailability of administrative remedies came about only after his December 2003 lawsuit, that surely took place long before July 2006 (bringing tolling to an end), so that a new lawsuit filed now would plainly be barred by the two-year limitation period.

In all events, there is no way in which it was "reasonable" for Clifton to have let the matter lie fallow during all the intervening years. As indicated in the last paragraph, if there were indeed no administrative remedies available until some time after the lawsuit's December 2003 dismissal, he should have brought a new lawsuit rather than playing ostrich until he spoke with someone about two weeks ago.

So Clifton is doubly barred by the untimeliness of his Rule 60(b) motion and the running of the statute of limitations on any new claim after any tolling period ran out. To be sure, that latter determination is really for the future (that is, if Clifton were to try again)--for the present the Rule 60(b) motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 4, 2008